

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-17-2004

# Ponczek v. Pepsi Bottling Grp

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2105

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Ponczek v. Pepsi Bottling Grp" (2004). *2004 Decisions.* Paper 701.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/701

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2105

FREDERICK W. PONCZEK,

Appellant

v.

PEPSI BOTTLING GROUP

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 02-cv-00075J )
District Judge:  Honorable Donetta W. Ambrose

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 11, 2004

Before:   NYGAARD, McKEE, and WEIS, Circuit Judges.

(Filed: May 17, 2004)

_____

OPINION

_____

WEIS, Circuit Judge.

Plaintiff was 58 years of age when he applied for employment with the

defendant company in January 2001.  Twenty employees were selected from the group of

1

applicants at that time, including six who were 40 years of age or older. Plaintiff alleges that he was not hired as a result of age discrimination.

In accordance with the defendant's hiring process, plaintiff completed an application and passed a written test. He was then interviewed by two management personnel who questioned him on such matters as relevant work experience, problem solving, learning new tasks, and whether he could engage in continuous lifting of 40-50 pounds. The interviewer rated plaintiff's responses as "low," a failing grade.

After exhausting his administrative remedies, plaintiff filed suit in the United States District Court for the Western District of Pennsylvania, alleging that defendant violated the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. The District Court employed the familiar burden-shifting procedure outlined in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and concluded that defendant had articulated a legitimate non-discriminatory reason for failing to hire plaintiff and that plaintiff then failed to show pretext. Accordingly, the court entered summary judgment for defendant.

On appeal, plaintiff contends that the District Court improperly resolved a material issue of controverted fact by failing to view the facts in the light most favorable to the non-moving party. He relies on the affidavit of his 22-year-old son Jason, who applied at the same time and who was hired. We observe, however, that the affidavit establishes nothing other than the fact that a younger individual, capable of continuously

lifting products weighing 40-50 pounds from an assembly line during a working day, was a good candidate for employment. In contrast, plaintiff was dubious during his interview as to whether he could engage in continuous lifting of 40-50 pounds.

The District Court did not err in concluding that the plaintiff's evidence failed to discredit the defendant's proffered reasons for failing to hire him. We have reviewed the District Court's thorough opinion and, essentially for the reasons stated there, conclude that the summary judgment must be affirmed.